AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: **Middle District of Louisiana** | |
|---|---|---|
| Name (under which you were convicted):<br>**Kenneth Lavigne** | | Docket or Case No.: |
| Place of Confinement:<br>**Raymond Laborde Correctional Center** | Prisoner No.:<br>**106038** | |
| Petitioner (include the name under which you were convicted)<br>**Kenneth Lavigne**       v. | Respondent (authorized person having custody of petitioner) v.<br>**W.S. "Sandy" McCain, Warden** | |
| The Attorney General of the State of: **Louisiana** | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: **23ʳᵈ Judicial District Court, Ascension Parish**

    (b) Criminal docket or case number (if you know): **35,150**

2.  (a) Date of the judgment of conviction (if you know): **January 8, 2016**

    (b) Date of sentencing: **January 8, 2016 and April 18, 2016**

3.  Length of sentence: **Twenty-one (21) years and Forty (40) years**

4.  In this case, were you convicted on more than one count or more than one crime?  **[ x ] Yes**  [ ] No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    **Count 1: Manslaughter (La. R.S. 14:31)**

    **Count 2: Second Degree Kidnapping (La. R.S. 14:44.1)**

6.  (a) What was your plea? (Check one)

    [ ]    (1)  Not Guilty          [ ]    (3)  Nolo Contendere (no contest)

    [ x ]  (2)  **Guilty**          [ ]    (4)  Insanity Plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

    [ ] Jury     [ ] Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    [ ] Yes     [ ] No

8.  Did you appeal from the judgment of conviction?

    **[ x ] Yes**     [ ] No

9.  If you did appeal, answer the following:

    (a) Name of court: **Court of Appeal of Louisiana, First Circuit**

    (b) Docket or case number (if you know): **NO. 2016 KA 0795**

    (c) Result: **Convictions and sentences affirmed.**

    (d) Date of result (if you know): **October 28, 2016**

    (e) Citation to case (if you know): **2016 La. App. Unpub. LEXIS 404**

    (f) Grounds raised:

    **Assignment of Error One:** Excessive sentence as to Count Two;

    **Assignment of Error Two:** Trial court erred in imposing the sentence on count two consecutively to that imposed on count one

    (g) Did you seek further review by a higher state court?  **[ x ] Yes**     [ ] No

AO 241
(Rev. 01/15)

If yes, answer the following:

(1) Name of court: **Supreme Court of Louisiana**

(2) Docket or case number (if you know): **NO. 2016-KO-2127**

(3) Result: **Denied.**

(4) Date of result (if you know): **September 15, 2017**

(5) Citation to the case (if you know): **225 So. 3d 481; 2017 La LEXIS 2066**

(6) Grounds raised:

**Assignment of Error One:** Excessive sentence as to Count Two;

**Assignment of Error Two:** Trial court erred in imposing the sentence on count two consecutively to that imposed on count one

(h) Did you file a petition for certiorari in the United States Supreme Court?    [ ] Yes  **[ x ] No**

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    **[ x ] Yes**    [ ] No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: **23ʳᵈ Judicial District Court, Ascension Parish**

(2) Docket or case number (if you know):    **District: 35-150 "D"**

**Court of Appeal: 2017-KW-0142**

(3) Date of filing (if you know): **January 17, 2017**

(4) Nature of the proceeding: **Motion to Quash**

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes    **[ x ] No**

(7) Result: **Denied**

(8) Date of result (if you know): **May 1, 2017**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **23ʳᵈ Judicial District Court, Ascension Parish**

(2) Docket or case number (if you know): **35,150**

(3) Date of filing (if you know): **February 9, 2018**

(4) Nature of the proceeding: **Post Conviction Relief**

(5) Grounds raised:

**Claim One:** Ineffective Assistance of Trial counsel

**Claim Two:** Ineffective Assistance of Trial Counsel

**Claim Three:** Ineffective Assistance of Trial Counsel

**Claim Four:** Ineffective Assistance of Appellate Counsel

**Claim Five:** Ineffective Assistance of Appellate Counsel

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes    [ x ] No

(7) Result: **Denied**

(8) Date of result (if you know): **June 6, 2018**

AO 241
(Rev. 01/15)

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

        [ ] Yes      [ ] No

    (7) Result:

    (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:        **[ x ] Yes**    [ ] No

    (2) Second petition:      **[ x ] Yes**    [ ] No

    (3) Third petition:        [ ] Yes    [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** <u>Ineffective Assistance of Trial Counsel</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>**Ineffective assistance of trial counsel that failed to inform petitioner that the second degree kidnapping charge to which he would plead guilty was time-barred by statute of limitations**</u>

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        [ x ] Yes    [ ] No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        [ x ] Yes    [ ] No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **Post Conviction Relief**

    Name and location of the court where the motion or petition was filed: **23rd Judicial District Court, Ascension Parish**

    Docket or case number (if you know): **35,150**

    Date of the court's decision: **June 6, 2018**

    Result (attach a copy of the court's opinion or order, if available): **Denied**

    (3) Did you receive a hearing on your motion or petition?

        [ ] Yes    [ x ] No

    (4) Did you appeal from the denial of your motion or petition?

AO 241
(Rev. 01/15)

                         [ x ] Yes      [ ] No

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

                  [ x ] Yes      [ ] No

    (6)  If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: **Court Of Appeal Of Louisiana, First Circuit**

        Docket or case number (if you know): **NO. 2018 KW 0944**

        Result (attach a copy of the court's opinion or order, if available): **Denied**

    (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

  (e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Ineffective Assistance of Trial Counsel

  (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **Ineffective assistance of trial counsel that failed to withdraw guilty plea on statute of limitation grounds**

  (b)  If you did not exhaust your state remedies on Ground Two, explain why:

  (c)  **Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

                  [ x ] Yes      [ ] No

    (2)  If you did not raise this issue in your direct appeal, explain why:

  (d)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                  [ x ] Yes      [ ] No

    (2)  If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **Post Conviction Relief**

        Name and location of the court where the motion or petition was filed: **23rd Judicial District Court, Ascension Parish**

        Docket or case number (if you know): **35,150**

        Date of the court's decision: **June 6, 2018**

        Result (attach a copy of the court's opinion or order, if available): **Denied**

    (3)  Did you receive a hearing on your motion or petition?

                  [ ] Yes      [ x ] No

    (4)  Did you appeal from the denial of your motion or petition?

                  [ x ] Yes      [ ] No

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

                  [ x ] Yes      [ ] No

    (6)  If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: **Court Of Appeal Of Louisiana, First Circuit**

        Docket or case number (if you know): **NO. 2018 KW 0944**

        Result (attach a copy of the court's opinion or order, if available): **Denied**

    (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

## GROUND THREE: <u>Ineffective Assistance of Trial Counsel</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>**Ineffective assistance of trial counsel that failed to object to omissions in the pre-sentence investigation report**</u>

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?
>
> [ x ] Yes        [ ] No
>
> (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

> (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
>
> [ x ] Yes        [ ] No
>
> (2) If your answer to Question (d)(1) is "Yes," state:
>
> Type of motion or petition: **Post Conviction Relief**
>
> Name and location of the court where the motion or petition was filed: <u>**23rd Judicial District Court, Ascension Parish**</u>
>
> Docket or case number (if you know): **35,150**
>
> Date of the court's decision: **June 6, 2018**
>
> Result (attach a copy of the court's opinion or order, if available): **Denied**
>
> (3) Did you receive a hearing on your motion or petition?
>
> [ ] Yes        [ x ] No
>
> (4) Did you appeal from the denial of your motion or petition?
>
> [ x ] Yes        [ ] No
>
> (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
>
> [ x ] Yes        [ ] No
>
> (6) If your answer to Question (d)(4) is "Yes," state:
>
> Name and location of the court where the appeal was filed: <u>**Court Of Appeal Of Louisiana, First Circuit**</u>
>
> Docket or case number (if you know): **NO. 2018 KW 0944**
>
> Result (attach a copy of the court's opinion or order, if available): **Denied**
>
> (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

## GROUND FOUR: <u>Ineffective Assistance of Appellate Counsel</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>**Ineffective assistance of appellate counsel that failed to argue the issue of second degree kidnapping charge being barred by statute of limitations**</u>

(b) If you did not exhaust your state remedies on Ground Four, explain why:

AO 241
(Rev. 01/15)

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        [ x ] Yes    [ ] No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        [ x ] Yes    [ ] No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **Post Conviction Relief**

        Name and location of the court where the motion or petition was filed: **23rd Judicial District Court, Ascension Parish**

        Docket or case number (if you know): **35,150**

        Date of the court's decision: **June 6, 2018**

        Result (attach a copy of the court's opinion or order, if available): **Denied**

    (3) Did you receive a hearing on your motion or petition?

        [ ] Yes    [ x ] No

    (4) Did you appeal from the denial of your motion or petition?

        [ x ] Yes    [ ] No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        [ x ] Yes    [ ] No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: **Court Of Appeal Of Louisiana, First Circuit**

        Docket or case number (if you know): **NO. 2018 KW 0944**

        Result (attach a copy of the court's opinion or order, if available): **Denied**

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**GROUND FIVE:** Ineffective Assistance of Appellate Counsel

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **Ineffective assistance of appellate counsel by failing to argue the issue that the guilty plea to second degree kidnapping was not voluntary, knowing, or intelligent**

    (b) If you did not exhaust your state remedies on Ground Five, explain why:

    **Direct Appeal of Ground Five:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            [ x ] Yes    [ ] No

        (2) If you did not raise this issue in your direct appeal, explain why:

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            [ x ] Yes    [ ] No

        (2) If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: **Post Conviction Relief**

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: **23rd Judicial District Court, Ascension Parish**

Docket or case number (if you know): **35,150**

Date of the court's decision: **June 6, 2018**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?

    [ ] Yes      [ x ] No

(4) Did you appeal from the denial of your motion or petition?

    [ x ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    [ x ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Court Of Appeal Of Louisiana, First Circuit**

Docket or case number (if you know): **NO. 2018 KW 0944**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

AO 241
(Rev. 01/15)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    [ x ] **Yes**    [ ] No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state federal court? If so, which ground or grounds have not been presented, and state your reasons for presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    [ ] Yes    [ x ] No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceedings, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    [ ] Yes    [ x ] No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea: **Susan Jones / Blaine Hebert**

    (c) At trial: **Susan Jones / Blaine Hebert**

    (d) At sentencing: **Susan Jones / Blaine Hebert**

    (e) On appeal: **Frederick Kroenke**

    (f) In any post-conviction proceeding: **Pro Se**

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    [ x ] **Yes**    [ ] No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    [ ] Yes    [ x ] No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 USC § 2244(d) provides in part that:

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

AO 241
(Rev. 01/15)

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the court grant the following relief: **For Count 2: Second Degree Kidnapping (La. R.S. 14:44.1) sentence to be vacated and the bill of information be reversed; in the alternative, for an evidentiary hearing to be held on the matter** or any other relief to which Petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __12/12/19_____ (month, day, year).

Executed (signed) on _____ (date).

_Kenneth Lavigne_____
Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition.

_____

_____

_____

_____

_____

_____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

KENNETH LAVIGNE                           CIVIL ACTION

VERSUS                                    NO.

SANDY MCCAIN

## PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS

### STATEMENT OF THE CASE

On October 11, 2013, the Ascension Parish Grand Jury indicted Petitioner for second degree murder (La. R.S. 14:30) of Jeannie Lavigne which occurred on December 16, 1990.

Petitioner, Kenneth W. Lavigne, was charged by bill of information with manslaughter, a violation of La. R.S. 14:31 (count one); and second degree kidnapping, a violation of La. R.S. 14:44.1 (count two).

Pursuant to a plea agreement with the State, the defendant entered a plea of guilty as to both counts on January 8, 2016, and was then sentenced to a term of imprisonment of twenty-one years at hard labor on count one.

The trial court ordered a presentence investigation (PSI) report, stated that it would sentence the defendant on count two on a later date, and noted that the sentence to be imposed on count two would be a term of imprisonment for not less than twenty-one years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court further noted that it would determine whether the sentences would run consecutively or concurrently.

When the parties returned to court on April 18, 2016, the defendant moved to withdraw his guilty plea as to count two. The trial court denied the motion, sentenced the defendant on count two to a term of imprisonment of forty years at hard labor without the benefit of parole, probation, or suspension of sentence, and ordered the sentences on counts one and two to run consecutively. The defendant filed a motion to reconsider sentence, which was denied.

On February 9, 2018, Petitioner filed an Application for Post-Conviction Relief with the District Court. The Application was subsequently denied on June 6, 2018.

On July 12, 2018, petitioner filed for supervisory writs with the First Circuit Court of Appeal. A ruling was made by the First Circuit Court of Appeal on October 15, 2018, however, due to a clerk's office error, the Notice of Judgment and Disposition and accompanying October 15, 2018 writ decision in that matter were not sent to the correct address. (See attached April 10, 2019 letter from First Circuit Court of Appeal Clerk's Office)

Therefore, petitioner was officially made aware of the decision by the First Circuit Court of Appeal on April 10, 2019.

Petitioner contends that the lower courts erred in denying his Application for Post-Conviction Relief and subsequent writs filed in the lower courts.

This Application for writ of certiorari timely follows.

## ARGUMENT ON ASSIGNMENT OF ERROR NUMBER ONE

*The trial court erred in denying petitioner's claim of ineffective assistance of trial counsel that failed to inform petitioner that the second degree kidnapping charge to which he would plead guilty was time-barred by statute of limitations?*

Petitioner's claim possesses a constitutional basis relating to the prohibited ex post facto application of law. Petitioner argues that the retroactive application to revive his already prescribed charge violates the Ex Post Facto Clauses of the U.S. and Louisiana Constitutions.

The applicable statutes were amended a year after the statute of limitations had run in Petitioner's case. Therefore the enactment of and amendment to applicable statutes after the date Petitioner committed the crimes violate ex post facto provisions.

In 1990, second degree kidnapping was not an underlying felony or a lesser included offense of second degree murder.

In 1990, La. R.S. 14:30.1 provided in pertinent part that:

> "A. Second degree murder is the killing of a human being:
>
> (1) When the offender has a specific intent to kill or to inflict great bodily harm; or
>
> (2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm."

The above-cited statute was amended in 1997 by Act 563 to include Second Degree Kidnapping as a lesser-included offense. It was made an underlying felony in 1997 by Acts 1997, No. 563, § 1, eff. Aug. 15, 1997. The offense in question had already prescribed roughly a year before the legis enacted that provision in 1997.

LSA-C.Cr.P. art. 558 provides:

> **Art. 558. Plea of guilty of lesser included offense**
>
> The defendant, with the consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged in the indictment.
>
> COMMENTARY
>
> Louisiana Official Revision Comments
>
> 1966. — **In general, the lesser included offense must be of the same generic class and must not require proof of any element which is not found in the major crime charged.** See Comment, 5 La.L.Rev. 603 (1944).
>
> **§ 14:5.  Lesser and included offenses.**
>
> An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense **or one of the lesser and**

**included offenses**. In such case, where the offender is prosecuted for the greater offense, he may be convicted of **any one of the lesser and included offenses**.

Reporter's Comment

Greater and Lesser Offense

Such a rule makes it clear that a District Attorney may receive a plea of guilty, or prosecute for a lesser and included offense, where he feels that as a practical matter a conviction of the greater offense would be highly improbable.

Under the standard for ineffective assistance of counsel set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by the Louisiana Supreme Court in State v. Washington, 491 So.2d 1337, 1339 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect.

Petitioner's case satisfies both prongs of the Strickland test. As recognized by the district court, in State ex rel. Nicholson v. State, 13-0072, pp. 3-4 (La. 5/5/15), 169 So.3d 344, 346-47 (per curiam), the Supreme Court in 2015 considered the DNA exception to the statute of limitations, and found that notwithstanding inclusion of the provision indicating that it would operate retroactively, the application of the La. C.Cr.P. art. 572(B) to cases which had prescribed before its enactment violated ex post facto principles.

Petitioner's case presents an identical procedural posture to Nicholson, i.e., Lavigne's second degree kidnapping charge had prescribed before enactment of the 1997 by Act 563 to include Second Degree Kidnapping as a lesser-included offense. Moreover, although the Supreme Court has long subscribed to the rule that the state may enlarge a prescriptive period and apply it retroactively to a defendant, it may do so only as long as the former and shorter prescriptive period has not already fully run and accrued to the defendant's benefit. See State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446; State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962).

As set out by the Supreme Court in Rolen:

Our decision in State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962) . . . held that the state remains free to prosecute a defendant

4

according to an enlarged prescriptive period adopted after the commission of the offense but only as long as the former and shorter period has not already fully accrued into a complete defense to the charge. At that point, Ferrie observed, the defendant would acquire a vested right in that defense which the law could not abridge. Id., 144 So.2d at 384. This part of the Ferrie decision rests on sound policy reasons flowing from what Judge Learned Hand called 'our instinctive feelings of justice and fair play.' Falter v. United States, 23 F.2d 420, 425-26 (2nd Cir.), cert. denied, 277 U.S. 590, 48 S. Ct. 528, 72 L. Ed. 1003 (1928). Statutes of limitations are 'designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.' Toussie v. United States, 397 U.S. 112, 114-15, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156 (1970). Statutes of limitations therefore at least in part implement the constitutional guarantee of a speedy trial. State v. Driever, 347 So.2d 1132 (La. 1977). An individual may rely on the statute to disband his witnesses and discard evidence he would otherwise use to defend himself against the state once the time limit has passed with the assurance that the potential criminal consequences flowing from his act have abated. In this context, 'for the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance," Judge Hand observed in Falter, "seems to most of us unfair and dishonest.' Id., 23 F.2d at 426. Rolen, 95-0347, pp. 4-5, 662 So.2d at 449.

The United States Supreme Court's subsequent decision in Stogner v. California, 539 U.S. 607, 123 S. Ct. 2446, 156 L. Ed. 2d 544 (2003), confirmed the underlying rationale of the Ferrie/Falter rule. The majority in Stogner observed that "like Judge Learned Hand [in Falter], we believe that this retroactive application of a later-enacted law is unfair. And, like most other judges who have addressed this issue . . . we find the words 'ex post facto' applicable to describe this kind of unfairness." Stogner, 539 U.S at 621, 123 S. Ct. at 2455. As with Petitioner's case, the crime for which Stogner was ultimately charged had already fully prescribed before the California legislature enacted a new law in 1993 that allowed prosecution of such crimes if the prosecution was instituted within one year of a victim's first complaint of abuse to the police. In Stogner's case, the new law revived a prosecution that had been prescribed for some 22 years. Stogner moved to quash the prosecution on grounds that it was barred by the Ex Post Facto and Due Process Clauses. The trial court denied the motion and the California Court of Appeal affirmed. The Supreme Court subsequently granted Stogner's application for certiorari to

consider his constitutional claims, and held that the 1993 California law violated the second category of ex post facto laws defined in the seminal decision of Calder v. Bull, 3 U.S. 386, 3 Dall. 386, 1 L. Ed. 648 (1798), i.e., that such laws "inflicted punishments, where the party was not, by law, liable to any punishment." Stogner, 539 U.S. at 612-13, 123 S. Ct. at 2450-51. In so holding, the Court in Stogner deemed its result consistent with the "numerous legislators, courts, and commentators [who] have long believed it well settled that the Ex Post Facto Clause forbids resurrection of a time-barred prosecution." Id., 539 U.S. at 616, 123 S. Ct. at 2452. "Even where courts have upheld extensions of unexpired statutes of limitations (extensions that our holding today does not affect . . . )," the [Pg 7] Court underscored, "they have consistently distinguished situations where limitations periods have expired." Id., 539 U.S at 618, 123 S. Ct. at 2453.

Retroactive application to revive Petitioner's time-barred prosecution for second degree kidnapping violates constitutional ex post facto principles. We also note that Stogner made no change in Louisiana law. As indicated by the decisions in Ferrie and Rolen, the Louisiana Supreme Court has long subscribed to the rule that the state may extend the time limits for instituting prosecution and apply them against a particular defendant, but only if the prior limitation period has not expired and abated the criminal consequences of that individual's conduct.

In the instant case, however, there was well-established precedent, as set forth by both the United States Supreme Court in Stogner, and the Louisiana Supreme Court in Rolen and Ferrie, establishing that the retroactive application could not withstand ex post facto scrutiny. On the facts of this particular case, counsel's failure to inform petitioner that the second degree kidnapping charge to which he would plead guilty was time-barred by statute of limitations fell below "an objective standard of reasonableness," which is the first prong of the Strickland test. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064.

We recognize that the Strickland test of ineffective assistance affords a "highly deferential" standard of review to the actions of counsel to eliminate, as far as possible, "the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. This court, therefore, "does not sit to second-guess strategic and tactical choices made by trial counsel." State v. Myles, 389 So.2d 12, 31 (La. 1980).

The second prong of the <u>Strickland</u> test is whether counsel's deficient showing prejudiced the defense by depriving the defendant of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. 2064. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> Had counsel informed petitioner that the second degree kidnapping charge to which he would plead guilty was time-barred by statute of limitations, there is a reasonable probability that Petitioner ultimately would have obtained the same relief that Nicholson did, i.e., having his conviction and sentence vacated. Thus, Petitioner has satisfied both prongs of the <u>Strickland</u> test. Accordingly, this Honorable Court should vacate Petitioner's conviction and sentence on the charge of second degree kidnapping. <u>State ex rel. Nalls v. State</u>, 13-2806 (La. 11/7/14), 152 So.3d 164.

During the criminal proceedings, Petitioner's trial counsels were constitutionally ineffective. The attorneys negotiated and accepted a plea agreement to a charge that was time-barred by the statute of limitations; the attorneys failed to inform Petitioner that the second degree kidnapping charge had prescribed; the attorneys failed to file a motion to withdraw Petitioner's guilty plea to the second degree kidnapping charge based on statute of limitations grounds; and, the attorneys failed to challenge the omissions and errors in the Pre-Sentence Investigation (PSI).

Petitioner's counsel in this criminal proceeding failed to investigate the charge of second-degree kidnapping under the 1990 law. An investigation would have provided that it was not an underlying felony, lesser included offense or a responsive verdict of second-degree murder pursuant to the applicable laws in the Louisiana Revised Statutes of 1990.

The Bill of Information filed by the State on January 8, 2016, alleged that the Second Degree Kidnapping (ct. 2) occurred on December 16, 1990. La. C.Cr.P. Art. 572(A)(1) required the State to institute prosecution within six years form the commission of the offense, or no later than December 16, 1996.

Counsel's failure to investigate statute of limitations fell well below objective standard of reasonableness. As set by the American Bar Association standards.

Counsel provided ineffective assistance in violation of the Sixth and Fourteenth Amendments of the United States Constitution by failing to conduct an adequate investigation prior to the entry of guilty plea.

Counsel was not familiar with the law of 1990 and did not research relevant facts and law of 1990.

Counsel's failure to investigate and object to the count of Second Degree Kidnapping that was time-barred, was clearly prejudice and an injustice. And well below a professional performance. In fact, counsel's performance was dismal and pathetic at best.

These facts are clearly warranting vacator of conviction and sentence imposed for the offense of Second Degree Kidnapping, since the prosecution of the offense was time barred under La. C.Cr.P. Art. 572.

CASE IN POINT – U.S. v. Cooper

## STANDARD

Counsel has duty to conduct independent investigation of facts and circumstances of given case and, although pretrial preparation is susceptible to reasonably objective determinations and failure to investigate is one such objective violation of attorney's duty to his client, counsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed; thus, trial counsel is grossly incompetent in his trial preparation by failing to investigate the applicable laws pursuant to the 1990 Louisiana Revised Statutes.

It is well established that a defendant in a criminal trial is entitled to effective assistance of counsel under the sixth amendment and due process clause of the fourteenth amendment. See Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932). Effective assistance of counsel, such as will satisfy the requirements of the sixth amendment, is counsel "reasonably likely to render and rendering reasonably effective assistance given the totality of the circumstances." Washington v. Strickland, 693 F.2d 1243, 1250 (5th Cir. Unit B 1982) (en banc), cert. granted, 462 U.S. 1105, 103 S. Ct. 2451, 77 L. Ed. 2d 1332 (1983). See United States v. Killian, 639 F.2d 206, 210 (5th Cir.), cert. denied, 451 U.S. 1021, 101 S. Ct. 3014, 69 L. Ed. 2d 394 (1981); Mays v. Balkcom, 631 F.2d 48, 52, n. 1 (5th Cir.1980). In considering the totality of the circumstances, a court looks to the quality of counsel's assistance from the time of initial retention through the time of appeal. Goodwin v. Balkcom, 684 F.2d 794, 805 (11th Cir.1982), cert. denied, 460 U.S. 1098, 103 S. Ct. 1798, 76 L. Ed. 2d 364 (1983). Additionally, in looking to the totality of

circumstances, a court considers that more is required from trial counsel than from counsel whose defendant pleads guilty to the charge. See Herring v. Estelle, 491 F.2d 125, 128 (5th Cir.1974) (reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial). A court must also consider that, although a capital case is judged by the same standards as any other case, "the seriousness of the charges against the defendant is a factor that must be considered in assessing counsel's performance." Stanley v. Zant, 697 F.2d 955, 962-63 (11th Cir.1983) (quoting Proffitt v. Wainwright, 685 F.2d 1227, 1247 (11th Cir. 1982)) (emphasis added).

The failure to investigate the facts is unconscionable and falls below the level of performance by counsel required by the sixth amendment. In Washington v. Strickland, the court stated that when a lawyer fails to conduct a substantial investigation into any of his client's plausible lines of defense, the lawyer has failed to render effective assistance of counsel. 693 F.2d at 1257. While it is not required that a lawyer be a private investigator in order to discern every possible avenue which may hurt or help the client, it is required that the lawyer make an effort to investigate the obvious. In this regard, the Court has enunciated the rule that effective representation, consistent with the sixth amendment, also involves "the independent duty to investigate and prepare." Weidner v. Wainwright, 708 F.2d 614, 616 (11th Cir.1983) (quoting Goodwin v. Balkcom, 684 F.2d at 805).

In highlighting counsel's duty to investigate, and in reference to the ABA Standards for Criminal Justice as guides, the same "clearly established" precedent of Strickland should be applied to the instant case. Cf. 466 US, at 690-691, 80 L Ed 2d 674, 104 S Ct 2052 (establishing that "thorough investigation[s]" are "virtually unchallengeable" and underscoring that "counsel has a duty to make reasonable investigations"); see also Id., at 688-689, 80 L Ed 2d 674, 104 S Ct 2052 ("Prevailing norms of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable").

Accordingly, based on the level of assistance afforded by Petitioner's counsel on behalf of Petitioner was deficient in that it fell below the minimum level of competence required by the sixth and fourteenth amendments.

As a threshold issue, this Court must determine whether the failure of an attorney to investigate the applicable law in Petitioner's case of the 1990 Louisiana Revised Statutes. The accused was denied his Sixth Amendment right to effective assistance of counsel because there is

a serious doubt as to the reliability of the conviction. See <u>Strickland v. Washington</u>, 466 U.S. 668, 684-88, 104 S. Ct. 2052, 2062-64, 80 L. Ed. 2d 674 (1984) and <u>United States v. Cronic</u>, 466 U.S. 648, 653-58, 104 S. Ct. 2039, 2043-46, 80 L. Ed. 2d 657 (1984). The difference between bad and no lawyering is critical, however, because very different results flow from the label which is attached to the conduct in question.  If the lawyering is merely ineffective, then the decision to upset the conviction, which turns on the presence of incompetence and prejudice, is made on a case by case basis. See <u>Strickland</u>. If, on the other hand, the defendant was constructively denied the assistance of counsel, then the conviction must be overturned because prejudice is presumed. See <u>Cronic</u>.

The <u>Cronic</u> Court reasoned that a defendant is completely denied counsel if (1) the "accused is denied counsel at a critical stage of the trial" or if (2) the counsel "fails to subject the prosecutor's case to {898 F.2d 1029} meaningful adversarial testing."  466 U.S. at 659, 104 S. Ct. at 2047. The Court reasoned that "apart from circumstances of [this] magnitude, . . . there is generally no basis for finding a Sixth Amendment violation" unless the attorney's conduct runs afoul of <u>Strickland</u>. <u>Cronic</u>, 466 U.S. at 659 n. 26, 104 S. Ct. at 2047 n. 26. Thus, unless the appellee can show that the instant case is squarely governed by <u>Cronic</u>, he must rebut a presumption that <u>Strickland</u> should apply. See <u>Craker v. McCotter</u>, 805 F.2d 538, 542 (5th Cir.1986) ("A constructive denial of counsel occurs . . . in only a very narrow spectrum of cases") (citations omitted) and <u>Martin v. McCotter</u>, 796 F.2d 813, 820 (5th Cir.1986), cert. denied, 479 U.S. 1057, 107 S. Ct. 935, 93 L. Ed. 2d 985 (1987).

An attorney has a duty to independently investigate the charges against his client. <u>Wiggins v. Smith</u>, 539 U.S. 510, 524, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). Under this court's jurisprudence, there must be a "reasonable amount" of pretrial investigation. <u>Bryant v. Scott</u>, 28 F.3d 1411, 1415 (5th Cir. 1994). <u>Strickland</u> explains that if an investigation is incomplete, a court should weigh that incompleteness only to the extent that "reasonable professional judgments support the limitations on the investigation" because "counsel has a duty to make . . . a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 466 U.S. at 690-91.

Counsel was constitutionally ineffective in failing to raise obvious statute of limitations defense. Before advising me to plead guilty.

## ARGUMENT ON ASSIGNMENT OF ERROR NUMBER TWO

*Whether the trial court erred in denying petitioner's claim of ineffective assistance of trial counsel that failed to withdraw guilty plea on statute of limitation grounds?*

Petitioner contends that his attorneys, without his knowledge, negotiated and accepted a plea agreement to a charge that had long prescribed by over twenty years. Had he known that the charge was time-barred, he would not have pled guilty. In any case, the trial court had no jurisdiction to accept Petitioner's guilty plea to a charge that was time-barred by the statute of limitations. See <u>State v. Ferrie</u>, 144 So. 2d 308, 384, 243 La. 416 (La. 1962) ("[T]he State relinquishes the right to prosecute once the statute of limitations has run."). See also <u>U.S. v. Cooper</u>, 956 F.2d 960.

Petitioner further contends that his attorneys failed to file a motion to withdraw his guilty plea to the kidnapping charge based on statute of limitations grounds. There is no doubt that the trial court would have granted the motion since that charge was brought way outside the applicable six-year prescription period.

The Louisiana Supreme Court has found counsel ineffective and vacated the conviction based on counsel's failure to file a motion to quash the indictment where the time limitation for instituting prosecution on that charge had prescribed. See <u>Self-defense Nalls v. State</u>, 2013-2806 (La. 11/17/14), 152 So. 3d 1643. in addition, several federal courts has found ineffective assistance where counsel failed to object or move to dismiss charges that were time-barred by the statute of limitations. See e.g., <u>United States v. Freeman</u>, 818 F. 3d 175 (5th Cir. 2016); <u>United States v. Liu</u>, 731 F. 3d 982 (9th Cir. 2013); <u>United States v. Coutentos</u>, 651 F. 3d 809 (8th Cir. 2011); <u>United States v. Hansel</u>, 70 F. 3d 6 (2nd Cir. 1995); <u>Hsu v. United States</u>, 954 F. Supp. 2d. 215 (S.D.N.Y. 2013).

As in those cases, the failure of Petitioner's attorneys to inform him that the second degree Kidnapping charge was time-barred, and their failure to withdraw and/or dismiss his guilty plea based on statute of limitations grounds, fell below "an objective standard of reasonableness," which satisfied the first prong of the <u>Strickland</u> test. <u>Strickland</u>, 466 US at 688, 104 S. Ct. at 2064.

Petitioner has also satisfied the second degree prong of the <u>Strickland</u> test by demonstrating that his attorneys deficient performance prejudiced him. In this case, the failure of Petitioner's attorneys to inform him of the time-barred count adversely affected his decision to make a knowing and intelligent plea. Nowhere in the record does it show that Petitioner's attorneys, nor the trial court, advised him that he was pleading guilty to a charge that was time-barred. See Exhibits Pgs. 10-14 and 19-32. Had Petitioner known beforehand that evidentiary hearing second degree kidnapping charge had prescribed, he would not have pled guilty to that charge. In fact, the record reflects that prior to sentencing on the kidnapping charge Petitioner attempted to withdraw his guilty plea. See exhibit pp. 48-51. Thus Petitioner has satisfied both prongs of the <u>Strickland</u> test.

For the reasons set forth above, the trial court should dismiss the bill of information on the second degree kidnapping count as untimely instituted under the six-year prescription period and vacate Petitioner's guilty plea and sentence. See <u>State ex rel. Nalls v. State</u>, 2013-2806 (La. 11/17/14), 152 So. 3d 164; <u>State v. Taylor</u>, 2016 (La. App. 4th Cir. 4/6/17), 2017 WL 1282124 **5.

### ARGUMENT ON ASSIGNMENT OF ERROR NUMBER THREE

*<u>Whether the trial court erred in denying petitioner's claim of ineffective assistance of trial counsel that failed to object to omissions in the pre-sentence investigation report?</u>*

Petitioner contends that his trial counsels were constitutionally ineffective for failing to object to the inadequacy of the Pre-Sentence Investigation (PSI). As noted above, Petitioner's attorneys negotiated a plea agreement wherein he pleaded guilty to manslaughter and second degree kidnapping. He was sentenced to twenty-one years (21) hard labor on the manslaughter charge. The court deferred sentencing on the kidnapping charge for a later date pending a PSI report. See Exhibit Pgs. 10-14 and 28.

When Petitioner appeared for sentencing on the kidnapping charge on April 18, 2016, his attorneys advised him that the PSI report was not favorable to him and that the court could sentence him to as much as forty years at hard labor. However, Petitioner was led to believed during the January 8th plea agreement that he would receive no more than twenty-one years without benefit of parole. The attorneys and the court said nothing about Petitioner being

sentenced to forty years under the plea agreement. Moreover, the PSI report appeared to be one-sided because the probation officer who prepared the report did not meet or talk with Petitioner.

La. C.Cr.P. Art. 875 A(1) requires that when conducting a presentence investigation, "probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits." The probation officer who prepared the PSI report in Petitioner's case obtained most of the information for the report from twenty-year old statements prepared by detectives of the Ascension Parish Sheriff's Department, and from talking with the victim's son and the victim's brother. See Exhibit p. 59.

At no time did the probation officer meet or talk with Petitioner. The probation officer stated in the PSI report that Petitioner was "unavailable for interview for the purpose of this investigation" because he was "incarcerated outside the confines of the Donaldsonville District Office." See Exhibit p. 59. However, the probation officer could have easily made a telephone call to Dixon Correctional Center (DCI), where Petitioner was incarcerated, and got permission from the warden to talk with him. Moreover, the probation officer could have made the less-than two-hour drive to Jackson, Louisiana, had he cared to interview Petitioner in person. But it appears that the probation officer had not intentions of interviewing Petitioner.

The Louisiana Supreme Court has recognized that "[t]he probation officer cannot make an accurate report of a defendant's family situation and background, or of his personal habits, without talking to the defendant or to someone who knows the defendant well. State v. Lockwood, 439 So. 2d 394, 397 (La. 1983). As in the Lockwood case, the PSI report in this case "was prepared with little or no attention given to he truth of its contents, or to the thoroughness of the investigation." 439 So. 2d at 397. The fundamental precepts of due process of law require that a defendant be "entitled to a fair and accurate report." 439 So. 2d at 395. Petitioner was not given a fair opportunity to provide information that could have been used by the trial judge to lessen his sentencing exposure.

Had Petitioner's attorneys challenged the omissions in the PSI report, there is reasonable probability that the trial court would have ordered a new PSI report or granted Petitioner's motion to withdraw his guilty plea to the kidnapping charge. For these reasons, the trial court should vacate the guilty plea and sentence in this case.

## ARGUMENT ON ASSIGNMENT OF ERROR NUMBER FOUR

*Whether the trial court erred in denying petitioner's claim of ineffective assistance of appellate counsel that failed to argue the issue of second degree kidnapping charge being barred by statute of limitations?*

Mr. Kroenke failed to raise the issue concerning the untimely prosecution of the second degree kidnapping, a charge Petitioner pled guilty to without knowledge that it was time-barred. Mr. Kroenke should have raised the issue of untimely prosecution on appeal as a jurisdictional defect and reviewed by the appellate court as an error patent on the face of the record. And finally, Mr. Kroenke should have raised the issue concerning the trial court's denial of Petitioner's motion to withdraw his guilty plea to the second degree kidnapping charge.

The instant case is equivalent to U.S. v. Cooper, 956 F.2d 960. In Cooper, the United States Court of Appeals reversed the District Court's ruling in view of the fact that the statute of limitations was indeed considered a bar to prosecution. The 10th Circuit has firmly held that the statute of limitations is a bar to prosecution. Waters v. United States, 328 F.2d 739, 743 (10th Cir. 1964). The Ascension Parish Courthouse, as did the United States District Court in Oklahoma in Cooper, erred by holding that the defendant had waived the applicability of the statute by Petitioner Lavigne's guilty plea.

Applying both Cooper and Waters, this Court should, respectfully, conclude that the filing of the information after the expiration of the statute of limitations is futile. Petitioner simply entered a plea to a barred charge. The charge against Petitioner was a nullity.

The Sixth Amendment guarantees the right to effective representation on direct appeal. See Evitts v. Lucey, 469 US 387, 396-97, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). In assessing a claim that a lawyer's representation did not meet the constitutional minimum, the courts "include a strong presumption that counsel's conduct f[ell] within the wide range of professional assistance." Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome that presumption, a Petitioner must establish both parts of the Strickland test, showing, first, that his attorney's performance "fell below an objective standard of reasonableness," Id. at 688, 104 S. Ct. 2052, and, second, that there was prejudice, meaning a "reasonable probability" that, but for counsel's error, the outcome would have been different, Id. at 694, 104 S. Ct. 2052, This test applies in the appellate context as well as at trial. See Smith v. Robbins, 528 US 259, 585, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). In the appellate context, counsel has no duty to

raise every non-frivolous issue that could be raised, <u>Jones v. Barnes</u>, 463 US 745, 754, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); nevertheless, appellate counsel's performance must meet prevailing professional norms. See <u>Smith v. Murray</u>, 477 US 527, 535-36, 106 S. Ct. 2661, 91 L. Ed. 2d 424 (1986), citing <u>Strickland</u>, 466 US 668, 104 S. Ct. 2052,. This means the Petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to" raise a particular nonfrivolous issue, "he would have prevailed on his appeal." <u>Smith v. Robbins</u>, 528 US at 285, 120 S. Ct. 746.

As indicated in part one of Petitioner's claims for post-conviction relief, he complained that his trial counsels were ineffective for negotiating a plea agreement with the State wherein he would plead guilty to manslaughter and second degree kidnapping. However, unbeknownst to Petitioner, his trial counsels never told him in advance that the second degree kidnapping charge was time-barred by the statute of limitations. Nonetheless, notwithstanding Petitioner's guilty plea, appellate counsel should have raised the issue on appeal regarding the time-barred count. Appellate counsel recognized in his brief that "[t]he issue of limitation of prosecution of noncapital offenses was not raised in the lower court." See Exhibit p. 67. Obviously, a competent attorney who knew that the second degree kidnapping charge was time-barred would have raised the issue on direct appeal.

The bill of information filed by the State on January 8, 2016, alleged that the second degree kidnapping (Court. 2) occurred on December 16, 1990. (See Exhibit p. 2). La. C.Cr.P. Art. 572 A (1), required the State to institute prosecution within six years from the commission of the offense, or no later than December 16, 1996. However, the Ascension parish authorities took no action to institute prosecution against Petitioner until October 11, 2013, twenty-three years later, when the grand jury returned an indictment for second degree murder. See exhibit p. 1.

The United States Supreme Court has long recognized that statutes of limitations are "designed to protect individuals from having to defend themselves against charges when the basic facts have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." <u>Toussie v. United States</u>, 397 US 112, 114-15, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156 (1970).

Although Petitioner's trial counsel did not raise the time-barred issue in a motion to quash prior to his guilty plea and sentencing, "[t]he issue that a prosecution was not timely instituted

may be raised at any time[.]" La. C.Cr.P. Art. 577. As the Louisiana Supreme Court noted in State v. Knott, 05-2252 (La. 5/5/06), 928 So. 2d 534, 535:

> "Although defendant failed to file a motion to quash or otherwise call the court's attention to the error at any time before verdict, the trial court acted properly in vacating defendant's conviction on one count of the grand jury indictment returned on July 7, 1999, on grounds that the state had not timely instituted prosecution for a crime committed at some point between 1981 and the end of 1982 and which had fully prescribed no later than 1987, well before 1993 La. Acts 592 enacted La.C.Cr.P. art. 571.1 and greatly expanded the time limits for instituting prosecution of sex crimes committed against juveniles. See La.C.Cr.P. art. 577 (defendant may raise a claim that the state has not timely instituted prosecution "at any time");  La.C.Cr.P. art. 859(7)(providing as a ground to arrest [Pg 2] judgment that "[t]he prosecution was not timely instituted, if not previously urged.")."

Therefore, Article 577 places no time constraints on raising the issue of untimely prosecution because this issue may be raised at anytime, including appeal and post-conviction. See State v. Jones, 209 La. 394, 24 So. 2d 627 (1945); State v. Thomas, 257 So. 2d 406, 413 n. 5, 260 La. 784 (La. 1972) ("Under Article 577, the issue of untimely prosecution may be raised at any time, but only once.  It may even be raised by post-conviction writ of habeas corpus.  La.C.Cr.P. Art. 362(7); La. C.Cr.P. Art. 930.3 (4) ("If the Petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds." * * * "The limitations on the institution of prosecution had expired[.]").

The fact that Petitioner pled guilty to the time-barred count did not preclude appellate court review of its untimely prosecution. An untimely prosecution constitutes a jurisdictional defect; i.e., the trial court was without jurisdiction to accept Petitioner's guilty plea. In State v. Crosby, 338 So. 2d 584, 588 (La. 1976), the Louisiana Supreme Court listed the following examples of jurisdictional defects:  (1) the lack of jurisdiction of the sentencing court; (2) the conviction represents double jeopardy; (3) *the prosecution had prescribed at the time it was instituted*; (4) the State lacked constitutional or legal power to try the defendant for the charged offense; (5) the statute under which prosecution is brought is unconstitutional; (6) the charge in the indictment does not constitute a crime; and (7) certain types of patent errors that prevent conviction for the offense. (emphasis added). Accordingly, the Crosby court identified one such jurisdictional defect as being when "the prosecution, when instituted, had prescribed[.]" Id. See State v. Ferrie, 144 So. 2d 308, 384, 243 La. 416 (La. 1962)("The State relinquishes the right to prosecute once the statute of limitations has run.").

In every criminal case, appellate courts review the record for patent errors. The Louisiana Supreme Court acknowledge that a jurisdictional defect can constitute an error patent. See State v. Jackson, 40-2863 (La. 11/29/05), 916 So. 2d 1015, 1019. in Jackson, the court observed that it "has long been established that lack of jurisdiction is a defect fatal to a criminal prosecution." Id. The court further noted that a nullity resulting from an absence of jurisdiction "may be invoked by any one at any time and anywhere." Id., citing Decuir v. Decuir, 105 La. 481, 485, 29 So. 2d 932, 934 (1901), and State v. Nicolasi, 128 La. 836, 585 so. 475, 478 (La. 1910). Jurisdictional defects, therefore, discoverable as errors patent on the face of the record, are those defects which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. State v. Cook, 372 So. 2d 1202 (La. 1979); State v. Kendrick, 34,097 (La. App. 2nd Cir. 12/20/00), 779 So. 2d 884, 885; State v. Gooden, 523 So. 2d 283 (La. App. 2nd Cir. 1988), writ denied 530 So. 2d 570 (La. 1988).

Article 1, § 13 of the Louisiana Constitution of 1974 requires that in a criminal prosecution, the accused shall be informed of the nature and cause of the accusation against him. The accused cannot plead guilty to a crime with which the trial judge is without authority to accept such a plea. Jurisdiction ratione materiae is nonwaivable, and without it a court's action is an absolute nullity. State v. Gooden, supra. As such, "the State relinquishes the right to prosecute once the statute of limitations has run." State v. Ferrie, 144 So. 2d 308, 384, 243 La. 416 (La. 1962).

Based on the foregoing, Petitioner has satisfied both prongs of the Strickland test. He has demonstrated that his appellate counsel was constitutionally ineffective by failing to raise the issue of untimely prosecution of the second degree kidnapping charge. Petitioner has also proven prejudice, because had counsel raised the time-barred issue on appeal, there is a reasonable probability that the appellate court would have vacated the guilty plea and sentence for second degree kidnapping. See Smith v. Robbins, 528 US at 285, 120 S. Ct. 746.

## ARGUMENT ON ASSIGNMENT OF ERROR NUMBER FIVE

*Whether the trial court erred in denying petitioner's claim of ineffective assistance of appellate counsel by failing to argue the issue that the guilty plea to second degree kidnapping was not voluntary, knowing, or intelligent?*

Petitioner contends that his appellate counsel, Frederick Kroenke, was constitutionally ineffective for failing to advance issues concerning the trial court's denial of his motion to

withdraw his guilty plea to second degree kidnapping. Petitioner asserts that his plea to that charge was not knowingly, intelligently, and voluntary entered because the prosecutor, his attorneys, and the trial court did not inform him of the maximum sentence he would receive at the time he entered his plea. Petitioner was under the impression that he would be sentenced to no more than twenty-one years at hard labor to be served concurrent with the 21-year sentence for manslaughter. However, when he appeared for sentencing on the second degree kidnapping charge, Petitioner's attorneys told him that the Pre-Sentence Investigation Report was not favorable to him and that the court could sentence him to the maximum 40-year term. That being said, Petitioner requested to withdraw his guilty plea that charge.

The United States Supreme Court has stated that if the defendant is given any sentence beyond that which he believed to be the maximum when he pled guilty, he must be allowed to withdraw his plea. Cf. Santobello v. New York, 404 US 257, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971), Morbry v. Johnson, 467 US 504, 104 S. Ct. 2543, 2548 n. 11, 81 L. Ed. 2d 437 (1984). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alterative courses of action open to the defendant." Hill v. Lockhart, 474 US 52, 56, 106 S. Ct. 266, 88 L. Ed. 2d 203 (1985) (citations and quotations marks omitted).

Louisiana Code of Criminal Procedure Article 559 provides that "the court may permit a plea of guilty to be withdrawn at any time before sentence." The withdrawal of a guilty plea is within the broad discretion of the trial court, and is subject to reversal if that discretion is abused or arbitrarily exercised. State v. Blanchard, 00-1147 (La. 4/20/01), 786 So. 2d 701; State v. Jenkins, 419 So. 2d 463, 466 (La. 1982). In Petitioner's case, the record reflects that the trial court abused its discretion in not granting his request to withdraw his guilty plea to second degree kidnapping.

Petitioner's assertion that his guilty plea to the kidnapping charge was not knowingly and intelligently made is based on the written plea agreement and the trial court's failure to inform him of the maximum sentencing exposure at the time he entered his plea. The written plea agreement sets forth the following conditions:

> You shall be sentenced for the crime of Manslaughter to twenty-one years (21) in the custody of the Department of Corrections at hard labor with credit for time served. You shall be sentenced by the Court at a later date for the crime of Second Degree Kidnapping and the Court shall order a pre-sentencing investigation report. However, the sentence for Second Degree Kidnapping shall not be less than twenty-one years (21) in the custody of the Department of Corrections at

hard labor without benefit of probation, parole, or suspension of sentence with credit for time served. The Court shall determine whether the sentences run concurrently or consecutively.

See exhibit p. 10-14. When Petitioner appeared for the guilty plea hearing on January 8, 2016, the trial court reminded him of the conditions of the written plea agreement as set forth below:

**THE COURT:**

The penalties for Second Degree Kidnapping in 1990 were imprisonment at hard labor for not less than five nor more than 40 years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. Your attorney and the district attorney have conducted a plea bargaining relative to your case, and they have agreed upon the following: That you shall be sentenced for the crime of Manslaughter to 21 years in the custody of the Department of Corrections, at hard labor, with credit for time served.

You shall be sentenced by the Court at a later date for the crime of Second Degree Kidnapping and the Court shall order a pre-sentencing investigation report. However, the sentence for Second Degree Kidnapping shall not be less than twenty-one years (21) in the custody of the Department of Corrections at hard labor without benefit of probation, parole, or suspension of sentence with credit for time served. The Court shall determine whether the sentences run concurrently or consecutively.

Is that what you understood your attorneys had negotiated with the State of Louisiana?

**THE DEFENDANT:**

Yes, ma'am.

See Exhibit p. 28 (Guilty Plea & Sentencing Hearing 1/8/16)(emphasis added)

Even though the trial court told Petitioner that the sentence for the kidnapping "shall not be less than 21 years" without benefits, neither the written plea agreement nor the trial court informed him of the maximum sentence he would actually receive. Petitioner "understood" that the sentence he would receive was for no more than twenty-one years at hard labor.

However, when Petitioner appeared for sentencing on the kidnapping charge on April 18, 2016, his attorney told him that the Pre-Sentence Investigation Report (PSI) was not in his favor and that the judge could sentence him to as much as forty years at hard labor to run consecutive to the sentence for manslaughter. At this point Petitioner directed his attorney to withdraw his

guilty plea to the kidnapping charge. The following transpired between defense counsel, Susan

K. Jones, prosecutor Robin C. O'Bannon, and the trial judge:

**(OFF THE RECORD BENCH DISCUSSION)**

**MS. O'BANNON:**

> Your Honor, for the record, this is State versus Kenneth Lavigne, set for
> sentencing today.

**THE COURT:**

> Yes.

> Mr. Hebert and Ms. Jones, I understand that you have a motion that you wish
> to make today.

**MS. JONES.**

> Yes, Your Honor. We have talked to our client, and he at this time wants to
> withdraw his plea that he entered on - he already, of course, was sentenced on
> the Manslaughter, but withdraw his plea on the Kidnapping charge.

**MS. O'BANNON:**

> The State would object.

**THE COURT:**

> Okay.

**MS. O'BANNON:**

> Simply because he's not satisfied with what the Pre-Sentence Investigation
> Report" recommended is no basis upon which to withdraw a plea. He
> knowingly and intelligently waived his rights and entered the plea.

**THE COURT:**

> Okay.

**MS. JONES.**

> And he, of course, is saying that he didn't and that he thought that - whether
> he's right or wrong, he thought that it would be run concurrent and that he
> never would have entered a plea if he knew it was going to be run
> consecutive.

**THE COURT:**

> Okay.

**MS. O'BANNON:**

> Your Honor, the State never made any promises to him whatsoever. The plea
> was based on a Presentence—

**THE COURT:**

Pull that Boykin.

**MS. O'BANNON:**

—Investigation Report," and there was never any promises as to whether time would be running consecutive or concurrent—

**THE COURT:**

Okay.

**MS. O'BANNON:**

—and he pled not knowing what his sentence would be.

**THE COURT:**

Okay. The motion is denied. When I accepted the "guilty" plea from Mr. Lavigne, I went over ad nauseam, going over rights, making sure he understand his rights, making sure he spoke with his attorneys, making sure that he understand what the range of penalties could be. It was set with a PSI. The sentencing was left to the discretion of the Court. I could have run concurrent; it could have run consecutive. *It could have been for 21 years, which I think is what the agreement was*: It would be no less than that. It could have been for 40 years. This Court made no promises that the sentence would be any certain sentence, and just because you're not happy with what the sentence may be today is not a good enough grounds.

**THE DEFENDANT:**

That's—

**THE COURT:**

I specifically—

**THE DEFENDANT:**

—that's not what I was told.

**THE COURT:**

—go over all of these rights with you whenever I take the plea, and is there's something you don't understand, at that point in time it needs to be said, and at that time I went over with you what the possible range of penalties could be.

So, for that reason, I'm going to go ahead and sentence Mr. Lavigne at this time.

**MS. JONES.**

And just note—

**THE COURT:**

Would you stand up, Mr. Lavigne?

**MS. JONES.**

Just note our objection for the record.

**THE COURT:**

Objection is so noted for the record, Ms. Jones.

See Exhibit p. 48-51 (Sentencing Hearing 04/08/16).

The above exchanges clearly show that Petitioner was confused about the minimum—"not less than 21 years"— and the maximum sentence he would receive. The term "not less than 21 years" makes no clear determination regarding the maximum sentencing possibilities. Petitioner was also under the impression that he would serve concurrent terms of twenty-one years at hard labor.

The United States Supreme Court has held that a plea agreement, and the guilty plea it induces, are invalid if the defendant's actions are not knowing and voluntary. See Parke v. Raley, 506 US 20, 28, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992); McCarthy v. United States, 394 US 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). A plea agreement will not stand unless it was "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." Brady v. United States, 397 US 742, 745, 90 S. Ct. 1463, 1468-69. Courts look to the time the plea agreement was formed to determine if the agreement was knowing and voluntary. See Puckett v. United States, 556 US 129, 129 S. Ct. 1423, 1430, 173 L. Ed. 2d 266 (2009). Courts also focus on whether the defendant was aware of the maximum possible sentence, not the minimum. However, as the record here reflects, Petitioner's attorneys could not have known what they were bargaining for, as one of the plea's key elements—the maximum possible sentence—was not actually on the table at the time it was made. And the trial court did not discuss these concerns during the initial plea hearing on January 8, 2016.

Because the record does not adequately demonstrate that the trial court apprised Petitioner of the maximum possible penalty he would receive, this court should vacate his guilty plea to second degree kidnapping.

## CONCLUSION

**WHEREFORE**, for all the mentioned reasons, Petitioner respectfully moves this Court to grant this petition.

_Kenneth Lavigne #106038_
**Kenneth Lavigne 106038**
RLCC Cajun 1 A1
1630 Prison Road
Cottonport, LA 71327

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed first-class, postage prepaid to the clerk of court for the Middle District Court of Louisiana, this the ___12___ day of **December, 2019**.

_Kenneth Lavigne_
Kenneth Lavigne

# EXHIBIT
# A



Office Of The Clerk
# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

## Notice of Judgment and Disposition

April 10, 2019

Docket Number:   2018 - KW - 0944

State Of Louisiana
          versus
Kenneth Lavigne

TO:    Kenneth W. Lavigne
        RLCC Cajun 1 A2
        1630 Prison Road
        Cottonport, LA 71327

Due to a clerk's office error, the October 15, 2018 Notice of Judgment and Disposition and accompanying October 15, 2018 writ decision in this matter were not sent to the correct address. Therefore, in accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this Notice of Judgment and Disposition and the attached October 15, 2016 writ decision were transmitted this date to the above cited counsel of record.

RODD NAQUIN
CLERK OF COURT