UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH LAVIGNE (#106038)

VERSUS

W.S. MCCAIN, ET AL.

CIVIL ACTION

19-894-SDD-RLB

## RULING

The Court has carefully considered the record, the law applicable to this action, and the *Report and Recommendation*[1] of United States Magistrate Richard L. Bourgeois, Jr., dated July 25, 2023, and the Petitioner's *Objection*[2] to the Magistrate's *Report and Recommendation*. The Court conducted a de novo review and for the following reasons the Objection is DENIED.

After conducting a de novo review of the Petitioner's claims, the Magistrate Judge found that Petitioner's habeas claims "lack a factual basis" and were without merit.[3] The Magistrate recommended dismissal of Petitioner's claims and the denial of an evidentiary hearing. However, the question of an evidentiary hearing under 28 U.S.C. § 2254(e)(2) was not separately analyzed in the Magistrate's *Report*. For the following reasons, the Court finds that an evidentiary hearing is not required. Assuming arguendo that the state court's habeas corpus adjudication was contrary to or involved an objectively unreasonable application of clearly established Supreme Court precedent,[4] the Court

---

[1] Rec. Doc. 20.
[2] Rec. Doc. 21.
[3] Rec. Doc. 20, p. 28.
[4] 28 U.S.C. § 2254(d)(1); *Smith v. Cain*, 708 F.3d 628, 634–36 (5th Cir. 2013); *Williams v. Taylor*, 529 U.S. 362, 365 (2000) ("the federal court should ask whether the state court's application of clearly established federal law was objectively unreasonable").

finds Petitioner failed to develop the factual basis of his claim in state court proceedings.[5] 28 U.S.C. § 2254(e)(2) begins: "If the applicant *has failed to develop the factual basis of a claim in State court proceedings*, the court *shall not* hold an evidentiary hearing on the claim . . . ."[6]

Petitioner argues that he did not fail to develop the factual basis of his claims in the state court habeas proceedings because he "asserted the very facts needed to prove his claim" and "was never permitted to further develop his claim due to the trial court's summary dismissal of this claim without an evidentiary hearing."[7] Petitioner argues that had he been permitted a hearing in the state court, and if he is permitted an evidentiary hearing now, he would offer the testimony of his trial counsel in support of his petition. However, the Fifth Circuit holds that mere "proffers" of potential evidence that a petitioner would present at a hearing are insufficient to constitute due diligence when the petitioner could have presented affidavits from potential witnesses.[8] The Court finds that, under the facts of this case, due diligence required offering an affidavit of trial counsel in the state habeas proceedings.

Finally, the Court declines to discretionarily hold an evidentiary hearing under the 28 U.S.C. §2254(e)(2) exception, which requires that the petitioner shows both: (1) the claim relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due

---

[5] 28 U.S.C. § 2254(e)(2). *See Williams v. Taylor*, 529 U.S. 420, 430 (2000) ("By the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'").
[6] 28 U.S.C.A. § 2254(e)(2) (emphasis added).
[7] Rec. Doc. 18, pp. 29–30. *See* Rec. Doc. 21, p. 4 (Petitioner "has never been granted an evidentiary hearing in his post-conviction efforts, either in state or federal court.").
[8] *Dowthitt v Johnson*, 230 F.3d 733, 758 (5th Cir. 2000).

diligence"; *and* (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[9] Petitioner argues that if not for the constitutional violation of ineffective assistance of counsel, there is a reasonable probability that he would not have pled guilty to the kidnapping charge.[10] Petitioner does not allege that a reasonable factfinder would have found him *innocent* if not for the constitutional violation, but rather only that his plea would have been "not guilty" and he would have proceeded to trial. In other words, Petitioner does not profess actual innocence. Rather, he asserts that his constitutional right to go to trial was impaired by ineffective trial counsel, and that issue was not preserved for appeal by his appellate counsel. Under these facts, an evidentiary hearing is neither required nor warranted as a matter of discretion.

The Court hereby approves the *Report and Recommendation* of the Magistrate Judge and adopts it as the Court's opinion herein.

ACCORDINGLY,

**IT IS ORDERED** that Petitioner's application for habeas corpus relief is denied.

**IT IS FURTHER ORDERED** that in the event Petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on this 9th day of November, 2023.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[9] 28 U.S.C. §2254(e)(2) (emphasis added)
[10] Rec. Doc. 18, pp. 23–24.