**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH LAVIGNE** | **CIVIL ACTION** |
| **VERSUS** | **19-894-SDD-RLB** |
| **W.S. MCCAIN, ET AL.** | |

## RULING AND ORDER

Before the Court is Motion to Alter or Amend Ruling and Order or Alternatively a New Trial Under Rules 59(A) and (E) filed by the respondent in this habeas case..[1] The Motion is opposed by the Petitioner.[2]

On remand and in accordance with the instructions from the Fifth Circuit Court of Appeals, this Court held an evidentiary hearing limited to the question of whether Lavigne's counsel, Susan Kutcher (formerly Jones) failed to properly represent the terms of the plea agreement during the plea stage. A transcript of the evidentiary hearing was made available to the parties, and each party filed a post-trial memorandum. *See* R. Docs. 52 and 53.

On April 10, 2026, the Court issued a Ruling and Order finding that petitioner had shown both that his trial counsel was deficient, and that he was prejudiced by counsel's deficiency. *See* R. Doc. 54. On May 7, 2026, respondent filed a Motion to Alter or Amend Ruling and Order or Alternatively a New Trial Under Rules 59(A) and (E). *See* R. Doc. 59. Petitioner filed an Opposition on May 20, 2026. *See* R. Doc. 61.

### Rule 59(e)

"Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Templet*, 367 F.3d at

---

[1] Rec. Doc. 59
[2] Rec. Doc. 61

479). "'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 479).

Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, however, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id*. "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D. La. Aug. 2, 2006).

***Respondent's Motion***

Respondent's Motion rehashes evidence, legal theories, and argument that could have been offered and raised before the entry of judgment. Such arguments consist of the lack of credibility of Susan Kutcher, new evidence which is not new but rather newly created, and a case that is not at all factually similar.

The evidentiary hearing was held on November 12, 2025, at which time respondent was aware that Susan Kutcher testified that a meeting with the trial judge and others took place on January 4, 2016, she left that meeting with the understanding that the petitioner would receive concurrent 21-year sentences on charges of manslaughter and second-degree kidnapping, and she conveyed her understanding to the petitioner thereafter on two occasions. Kutcher's attorney notes and an email from the prosecutor were submitted as exhibits in support.

As such, Respondent had from November 12, 2015, until February 11, 2026, to review the evidence, obtain affidavits, and formulate legal theories and arguments. Respondent filed its post-trial memorandum which largely consists of an attack on the credibility of Susan Kutcher. Respondent's present Motion also focuses primarily on attacking the credibility of Susan Kutcher but fails to show a manifest error of fact.

Great deference is given to a district court's findings of fact following a bench trial, especially where, as here, those finding largely turn on credibility assessment of the testifying witnesses. (*See Guzman v. Hacienda Records and Recording Studio, Inc.*, 808 F.3d 1031, 1035 ("the clearly erroneous standard of review following a bench trial requires even greater deference to the trial court's findings when they are based upon determinations of credibility."). Here, with the Respondent's arguments about the credibility of Susan Kutcher before it, the Court assessed the witnesses' credibility and drew reasonable inferences from the evidence presented, as it was entitled to do. As such, Respondent has not shown any manifest errors of fact.

Respondent has also not shown any manifest errors of law. Respondent cites *Alvarez v. Guerrero*, 162 F.4th 570 (5th Cir. 2025) and two other cases cited therein, in support of its argument that ineffective assistance of counsel cannot be found when a petitioner has two lawyers. The cases cited by the Respondent all concern petitioners who were represented by two attorneys: one who allegedly slept during their trials, and one who was present and actively engaged at times. As such, the petitioners could not have received ineffective assistance from counsel because one of their lawyers provided constitutionally adequate representation in the absence of the other lawyer. As such, the performance of one attorney cured the deficiencies of the other.

However, these cases are not factually similar to the instant matter beyond the fact that petitioner herein was also represented by two attorneys – Susan Kutcher and Blaine Hebert. However, unlike the cases cited by Respondent, Hebert's representation of the petitioner in no way cured the incorrect information told to the petitioner by Kutcher. As such, the cases relied upon by Respondent, which could have been presented to the Court prior to its Ruling, are inapposite.

Finally, Respondent has not presented the Court with any new evidence. Respondent presents three affidavits that were signed after this Court entered its Ruling. All affidavits are used to support Respondent's argument that Susan Kutcher could not have met with the prosecutor, the trial judge or her law clerk, on January 4, 2016. These affidavits are not newly discovered evidence. Rather, they are newly created evidence which could have been obtained before this Court entered its Ruling. Even assuming that the affidavits are new evidence, they do not affect the outcome of this matter as the Court already had before it testimony on the same subject. As such, the affidavits are not only not new evidence, but they are also cumulative.

In short, Respondent resubmits arguments that they previously presented, or could have presented, at the evidentiary hearing or in their post-hearing memorandum. Respondent does not demonstrate a manifest error of fact or law; rather, Respondent takes issue with factual determinations, and particularly credibility determinations, that rest squarely within the discretion of this Court. Because Respondent has not established grounds for relief under Rule 59, the Court will exercise its discretion to deny their motion. Accordingly,

**IT IS ORDERED** that Respondent's Motion to Alter or Amend Ruling and Order or Alternatively a New Trial Under Rules 59(A) and (E) (R. Doc. 59) is **DENIED**.

Signed in Baton Rouge, Louisiana, on this 8th day of September, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**