**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH LAVIGNE** **CIVIL ACTION**

**VERSUS**

**19-894-SDD-RLB**

**W.S. MCCAIN, ET AL.**

**ORDER**

Before the Court is Respondent's Motion for Stay of Proceedings (R. Doc. 62). Petitioner has filed an Opposition. *See* R. Doc. 63. On April 10, 2026, this Court granted Petitioner habeas relief and ordered that, within 180 days from the date of the Judgment[1], proceedings to vacate the petitioner's plea and sentence for the Second-Degree Kidnapping charge be initiated. Thereafter, on May 7, 2026, Respondent filed a Motion to Alter or Amend Ruling and Order or Alternatively a New Trial Under Rules 59(A) and (E)[2]. *See* R. Doc. 59. Respondent asserts that a stay is necessary because the petitioner could be released while this matter is on appeal.

Federal Rule of Appellate Procedure 23(c) creates a rebuttable presumption that a prisoner who has received habeas relief will be released pending appeal. The interest of a habeas petitioner in being released pending appeal is always substantial. *See Hilton v. Braunskill*, 480 U.S. 770, 777 (1987) and *Woodfox v. Cain*, 305 F. App'x 179, 181 (5th Cir. 2008).

The Supreme Court, in *Hilton*, advised that a court considering whether to stay the release of a prisoner and continue custody should consider the traditional factors for a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to

---

[1] October 7, 2026, is 180 days from April 10, 2026.

[2] On September 8, 2026, the Motion was denied. *See* R. Doc. 64.

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton* at 480 U.S. 776-77. The most important factor is whether the state has made a strong showing of likelihood of success on the merits. *See Woodfox*, 305 F. App'x at 181. These factors, however, are not exclusive. Courts should also consider whether there is a risk that the prisoner will pose a danger to the public if released and the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal. *Hilton*, 481 U.S. at 777.

**Success on the Merits**

Respondent argues that a stay is appropriate here because of its likelihood of success on the merits. Respondent contends that it has a likelihood of success on the merits for the reasons identified in its Motion to Alter or Amend Ruling and Order or Alternatively a New Trial Under Rules 59(A) and (E). However, that Motion has been denied. Accordingly, this Court does not agree that Respondent has shown a likelihood of success on the merits.

**Irreparable Injury to Applicant**

Respondent asserts that the petitioner has completed his sentence on the manslaughter charge, and absent a stay of the proceedings, will be released without any condition which would reasonably assure the petitioner’s appearance if required. Respondent asserts that the petitioner is a career felon who has previously fled to Mississippi to avoid capture.

The Respondent’s argument that the petitioner is a career felon who will commit more crimes if released is not supported. Petitioner had three convictions in the 1980’s, and the offense herein occurred in 1990. However, the petitioner has not had any other convictions until

convicted herein in 2016. As such, it does not appear that the petitioner is a career felon who will commit a crime anytime he is not in custody.

As to the flight risk, Petitioner suggests that any risk of flight or criminal activities can be remedied by releasing the petitioner on bond or under other conditions which would secure his appearance. However, the Court does not have before it any relevant information, such as the petitioner's financial ability to pay a bond, where he plans to live upon release, or his general health, to make such a determination. As such, the Court cannot, at this time, determine if a bond or other conditions would be sufficient to secure the petitioner's appearance. As such, this factor weighs slightly in favor of Respondent in terms of risk of flight.

**Substantial Injury to Other Parties**

Respondent asserts in a conclusory fashion that Petitioner will not be substantially injured if the stay is granted, without addressing that the petitioner has an always substantial interest in avoiding unconstitutional detention. The U.S. Supreme Court considers a successful habeas petitioner's interest in release to be "always substantial," and strongest where other factors, in particular the state's likelihood of success on appeal or demonstration of a substantial case on the merits, are weakest. *Hilton,* 481 U.S. at 777-778. Here, the state has not made a showing of a strong likelihood of success on appeal. As such, this factor weighs heavily in favor of the petitioner.

**Public Interest**

Respondent asserts that the public will be irreparably harmed because the petitioner is a career criminal. The Court has already found this allegation to be unsupported. Respondent has not offered any evidence showing that the petitioner is currently dangerous or likely to commit crime. Instead, Respondent again relies on petitioner's three convictions in the 1980's and the

crime herein committed in 1990. As such, the information before the Court is that petitioner has not committed a crime in over two decades. Respondent has not presented the petitioner's prison disciplinary record or any other evidence tending to show that the petitioner is currently violent or likely to commit crime once released. Additionally, the public has a strong interest in the release of a prisoner that a court has found to be incarcerated in violation of the Constitution. *See Burbank v. Cain*, No. 06-2121, 2007 WL 2809996, at *4 (E.D. La. Sept. 24, 2007).

As such, only one factor weighs slightly in favor of the Respondent. Respondent has not overcome the rebuttable presumption that Petitioner is entitled to release; therefore, Respondent is not entitled to a stay of these proceedings pending an appeal that has not yet been initiated. This Court has not ordered that the petitioner be released. As such, Respondent remains free to simultaneously institute the proceeding to vacate the petitioner's guilty plea and reinstate the charge while pursuing its appeal. Whether the petitioner is released and the terms of that release would be decided in the state trial court. Accordingly,

**IT IS ORDERED** that Respondent's Motion (R. Doc. 62) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 8, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**