**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH LAVIGNE** **CIVIL ACTION**

**VERSUS**

**19-894-SDD-RLB**

**W.S. MCCAIN, ET AL.**

**RULING AND ORDER**

Before the Court is the petitioner's Motion to Clarify Judgment[1]. The Motion is opposed[2]. Petitioner asks the Court to clarify that the Judgment[3] entered in this matter requires the respondents to have the 23rd Judicial District Court actually vacate the petitioner's plea and sentence. Respondents assert that the Court may not clarify the judgment without leave from the appellate court.

**Rule 60(a)**

Federal Rule of Civil Procedure 60(a) permits the correction of clerical mistakes in judgments, orders, or other parts of the record as well as the correction of errors arising from oversight or omission.[4] But Rule 60(a) is not confined to fixing typographical and other clerical errors.[5] The scope of a court's authority to make corrections to an order or judgment under Rule 60(a) is circumscribed by the court's intent when it issued the order or judgment.[6] Thus, when the judgment creates an unintended ambiguity that obfuscates the court's original intent or an inconsistency between the text and the court's intent, the

---

[1] R. Doc. 72.
[2] *See* R. Doc. 74.
[3] R. Doc. 55.
[4] FED. R. CIV. P. 60(a); CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2854 (3d ed. 2026).
[5] WRIGHT, *supra* note 1, § 2854 n.23 (citing *Sartin v. McNair Law Firm PA*, 756 F.3d 259 (4th Cir. 2014)).
[6] *Id.*

court may correct the judgment under Rule 60(a).[7] As such, because Petitioner's Motion to Clarify requires the Court to correct an unintended ambiguity, a ruling on the motion falls under Rule 60(a). However, Respondents are correct that after the parties docket an appeal, the district court cannot correct clerical errors without leave from the appellate court.[8]

**Rule 62.1**

Pursuant to Federal Rule of Civil Procedure 62.1, if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may defer consideration, deny the motion, or issue an "indicative ruling."[9] In an indicative ruling, the court "state[s] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[10] As such, even absent the authority to rule on the issue, Rule 62.1 permits courts to indicate how they *might* rule on a given issue.[11] And while parties more frequently invoke Rule 62.1 in the context of a Rule 60(b) motion[12], nothing in Rule 62.1 precludes the use of an indicative ruling for a Rule 60(a) motion.[13]

Thus, a court may indicate how it intends to rule on a motion when the party makes a motion that the court lacks authority to grant.[14] After the court issues an indicative ruling,

---

[7] *Id.*
[8] FED. R. CIV. P. 60(a); WRIGHT, *supra* note 1, § 2856; *see, e.g., Daker v. United States*, 685 F. App'x 791, 792 (11th Cir. 2017) (remanding an action following the district court's issuance of an indicative ruling in the absence of authority to correct the record under Rule 60(a)).
[9] FED. R. CIV. P. 62.1.
[10] FED. R. CIV. P. 62.1(a)(3).
[11] WRIGHT, *supra* note 1, § 2911.
[12] *Id.*; *see also Loeb-Defever v. Mako, L.L.C.*, No. 24-20410, 2026 WL 483894, at *7 n.4 (5th Cir. Feb. 20, 2026); *Jackson v. AT&T Ret. Sav. Plan*, No. 21-30052, 2021 WL 2177674, at *1 (5th Cir. Mar. 31, 2021); *Malik v. United States Dep't of Homeland Sec.*, 78 F.4th 191, 202 (5th Cir. 2023)
[13] FED. R. CIV. P. 62.1.
[14] *See Singleton v. Cannizzaro*, 397 F. Supp. 3d 840, 845-46 (E.D. La. 2019); *see also Loeb-Defever*, 2026 WL 483894, at *7 n.4 (acknowledging that some courts do not require a predicate motion to consider a district court's ruling "indicative" but declining to decide the necessity of a motion).

the movant must give the circuit clerk notice of the ruling and indicate that the district court would either grant the motion or that the motion raises a substantial issue.[15] After the movant gives the circuit court notice, the circuit court can choose whether to remand the case and empower the district court to rule on the motion.[16]

While the Defendant did not specifically move for an "indicative ruling" by name, the Defendant moved for clarity[17]—an action the Court does not have authority to take absent leave from the Fifth Circuit. As such, the Court may defer consideration, deny the motion outright, or issue an indicative ruling.[18] In this matter, the Court will issue an indicative ruling.

**Indicative Ruling**

Were it able, the Court would likely grant the motion to clarify its original intentions, pursuant to Rule 60(a), that it intended for the Respondents to file a Motion in the state court that (**1**) informs the state court that: (**a**) the petitioner's plea and sentence for the Second-Degree Kidnapping charge entered in docket number 35,150 is subject to a federal conditional writ of habeas corpus; (**b**) the federal judgment directs the respondents to initiate proceedings to vacate the plea and sentence within a specified time period; and (**c**) the federal judgment contemplates further proceedings in the state court to implement the relief ordered; and (**2**) requests that the state court set the matter for a proceeding to implement the federal judgment and enter orders necessary to comply with its terms. The Court would likely further clarify that a request for a status conference does not satisfy

---

[15] FED. R. CIV. P. 61.2(b).
[16] WRIGHT, *supra* note 1, § 2911 n.2 (citing *Defs. of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011)).
[17] Rec. Doc. No. 72.
[18] FED. R. CIV. P. 61.2(a).

this Court's intentions and order the respondents to file the above-described motion in the state court and provide this Court with a copy within ten days. Accordingly,

**IT IS ORDERED** that the Court **ISSUES** an indictive ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3), that it would likely grant the petitioner's Motion to Clarify, as set forth above, were the case to be remanded for that limited purpose.

**IT IS FURTHER ORDERED** that Petitioner shall notify the Clerk of the Fifth Circuit of the indicative decision in accordance with Federal Rule of Appellate Procedure 12.1(a), on or before **November 2, 2026**.

Signed in Baton Rouge, Louisiana, on October 29, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**